

**U.S. Department of Justice**

*United States Attorney's Office*
*District of New Jersey*

---

*970 Broad Street, 7ᵗʰ floor*                                                    *973-645-2700*
*Newark, New Jersey 07102*

January 23, 2026

Hon. Karen M. Williams
U.S. District Judge
Mitchell H. Cohen Bldg. & U.S. Courthouse
4th & Cooper Streets
Camden, New Jersey 01801

>       Re:    *United States v. Chappell*, Crim. No. 24-243 (KMR)

Dear Judge Williams:

The United States respectfully submits this letter to briefly address the questions raised by the Court during the January 15, 2026 status conference with respect to the procedure whereby *ex parte* Rule 17 subpoenas may be issued and whether any returns from such subpoenas should be produced to the Court with access for both parties.

As the defense notes, the United States Judicial Conference's Advisory Committee on Criminal Rules recently has proposed an amendment to Rule 17. The Advisory Committee's discussion of the rule makes clear that the purpose of the proposed rule change is not to override all local practice or discretion with respect to Rule 17, but rather to, among other things, codify a "somewhat loosened" application of the *Nixon* standard and set out guidelines for practice. *See* Preliminary Draft, Proposed Amendments to the Federal Rules of Appellate, Bankruptcy, Civil, and Criminal Procedure, and the Federal Rules of Evidence, Request for Comments, dated August 15, 2025 (excerpts from the Report of the Advisory Committee on Criminal Rules, dated May 15, 2025), at 76.[1] The proposed amendment, if adopted, would clarify that courts should allow *ex parte* motions *on a showing of good cause* and set default procedures for those motions, while allowing local district practice or court order to govern whether motions are a prerequisite for Rule 17 subpoenas and provide for whether returns are to be provided to the party effecting service or to the Court. *See id.* at 74-77. The proposed amendment would

---

[1] A copy of the Preliminary Draft can be found at https://www.uscourts.gov/sites/default/files/document/preliminary-draft-of-proposed-amendments-to-federal-rules_august2025.pdf.

also defer to Rule 16 or other applicable rules with respect to production to opposing parties. *See id.* at 77.

These amendments have not yet been adopted.  The preliminary draft of the proposal is currently out for public comment (due on February 16, 2026), and may change based on those comments.  Even if the proposed amendments were to be promulgated in their present form with no changes at the earliest possible opportunity, the revised Rule 17 could be put in place no earlier than December of 2026.

As the Government noted in its letter dated January 14, 2025, courts within the District of New Jersey do already allow for *ex par*te proceedings when appropriate.  *See United States v. Fulton*, No. 13-cr-261, 2013 WL 4609502, at *2 (D.N.J. Aug. 29, 2013) (denying defendant's request to proceed *ex parte* where defendant failed to satisfy their burden of demonstrating why the court should allow such a proceeding).  And when the defense is permitted to issue Rule 17 subpoenas, it is common practice within the District of New Jersey to require the returns to be shared with the Government (and for the Government in turn to share any such returns it receives with the defense).  For example, in *United States v. Parmar*, the Court ordered that returns obtained by a defendant via Rule 17 subpoena be shared with the Government.  *See* Tr. of Status Conference, 2:18-cr-00735-MCA-1 (D.N.J. Oct. 3, 2024), Docket No. 243, at 21 (see attached at Ex. 1). Similarly, in *United States v. Schessel*, under similar facts involving a defendant seeking to subpoena the FDA — among other third parties – the Court required returns to be shared with all parties without objection from the defense.  *See* Tr. of Oral Argument, 2:22-CR-00374-ES-1 (D.N.J. May 5, 2023), Docket No. 59, at 156 (see attached at Ex. 2).  While practices vary outside of New Jersey, decisions from other districts confirm the appropriateness of this district's practice.  See *United States v. Litos*, 12-cr-175, 2014 WL 806022, at *5 (N.D. Ind. Feb. 24, 2014) ("It is the majority view of the courts that the structure of Rule 17 requires the court to allow both parties to view the documents returned under the subpoena.") (collecting cases); *United States v. Al-Amin*, 2013 WL 3865079, at *4 (E.D. Tenn. July 13, 2013) ("Since the records must be returned to the Court, there is no occasion for just one party to the litigation having knowledge of, possession of, or access to the records. *It is an abuse of Rule 17(c) for parties or their attorneys to obtain such records or objects from subpoenaed persons and to retain the records or objects prior to their return to the Court.*") (emphasis added).[2]

---

[2] Even *United States v. Mills*, a Michigan case cited by defense for the proposition that returns do not need to be produced to the government, acknowledges that it is a matter of case-by-case judicial discretion whether to order such a production. *See* No. 16-cr-20460, 2019 U.S. Dist. LEXIS 173, at *19 (E.D. Mich. Jan. 2, 2019) ("Rule 17(c) expressly provides that the Court "<u>may</u> permit the parties and their attorneys to inspect all or part of" the subpoenaed items deposited with the Court. Fed. R. Crim. 17(c)(1)" (emphasis added by the Court)).  And <u>United States v. Colburn</u>, a Massachusetts case,

Nor is a blanket assertion that requiring production of Rule 17 returns to the government would reveal defense strategy sufficient in the District of New Jersey – the defense must articulate a basis for that assertion to the court. *See Fulton*, 2013 WL 4609502, at *2 ("[Defendant] states that the nature of the requests may compromise defense strategy but fail[ed] to explain how providing the Government with notice of the materials to be produced pretrial or of the target of the Rule 17(c) subpoena will threaten to disclose that strategy to the Government."); *see also Schessel*, Tr. of Oral Argument, 2:22-CR-00374-ES-1 (D.N.J. May 5, 2023), Docket No. 59, at 46 ("Every defendant can argue what you are about to argue to me; that they somehow, because you filed the Rule 17 subpoena, they are not entitled to see it, and you can just cite strategy. That's not the law. You've got to establish extraordinary circumstances.").

Consequently, the Government respectfully reiterates its request that any Rule 17(c) subpoena returns be produced to the Government, especially in this matter where concerns about defense strategy are lessened as defense counsel has already presented to the U.S. Attorney's Office a number of its theories of defense. The Government otherwise relies on its prior letter, ECF No. 46, and arguments at the January 15, 2026 scheduling conference, and respectfully requests that the Court require simultaneous production of Rule 17(c) subpoena returns consistent with the plain requirement of the currently enforceable rule.

Respectfully submitted,

LORINDA I. LARYEA
Chief, Fraud Section
U.S. Department of Justice

/s/_____
By:       David Austin
        Trial Attorney

        Matthew Reilly
        Acting Assistant Chief

TODD BLANCHE
U.S. Deputy Attorney General

PHILIP LAMPARELLO
Senior Counsel

/s/_____
By:       Katherine M. Romano
        Assistant U.S. Attorney

---

arose in a very different context, wherein the government made its own Rule 17(c) request seeking documents subpoenaed by the defense. *See* No. 19-10080-NMG, 2020 U.S. Dist. LEXIS 209113, at *13 (D. Mass. Nov. 9, 2020) (holding that production of the returns to an *ex parte* subpoena would reveal opinion work product in that particular case).